IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KELVIN B. STEPHENS,

    Plaintiff,

v.

HOME 2 SUITES,

    Defendant.

CIVIL ACTION FILE

NO. 1:22-CV-958-MHC-JEM

## ORDER

Plaintiff's request to proceed with the filing of a civil complaint without paying fees or costs is before the Court on the Final Report and Recommendation ("R&R") of the Magistrate Judge [Doc. 9] recommending that Plaintiff be denied leave to proceed in forma pauperis for failure to provide evidence of indigency and failure to comply with the lawful orders of the Court. The Order for Service of the R&R [Doc. 10] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Within the time period for filing objections, Plaintiff filed a "Notice of Appeal from United States Magistrate Recommendation" [Doc. 11], which this Court will treat as Plaintiff's objections to the R&R.

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation"—it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review

of those portions of the R&R to which the parties object and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

In his objections, Plaintiff merely states that he has lost his job and cannot pay the court costs and fees. However, the Magistrate Judge provided Plaintiff with three additional chances to properly complete the Court's form application to proceed without payment of fees and costs, and Plaintiff refused to comply with any of the Magistrate Judge's orders, choosing to complete nearly every question with the responses "0" or "N/A." Plaintiff still fails to properly complete the form to this day. Plaintiff was warned that a failure to comply with the last of the Magistrate Judge's orders would result in the dismissal of his action.

After consideration of Plaintiff's objections and a *de novo* review of the record, it is hereby **ORDERED** that Plaintiff's Objections to the R&R [Doc. 11] are **OVERRULED.** The Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 9] as the as the Opinion and Order of the Court. It is hereby **ORDERED** that Plaintiff's applications for leave to proceed in forma pauperis [Docs. 1, 3, 5, and 7] are **DENIED** and the Complaint [Doc. 1-1] is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the lawful orders of the Court.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 3rd day of November, 2022.

_____
MARK H. COHEN
United States District Judge